STATE OF NORTH CAROLINA v. WILLIAM EARL SUTTON

No. 728SC331

(Filed 24 May 1972)

**Forgery § 2— uttering — sufficiency of evidence**

> The State's evidence was sufficient for the jury in a prosecution for uttering a forged money order where it tended to show that twenty-one money order blanks were stolen from a drug store, that defendant cashed at a grocery store a money order bearing the number of one of those stolen, that the sum of $100 was machine imprinted on the money order, that the names of a purchaser and payee were written on the money order in defendant's handwriting, that defendant signed the name of the purported payee on the back of the money order, that the machine imprinted "$100" on the money order was not authorized, and that defendant had no authority to write anything on the money order.

APPEAL by defendant from *Tillery, Judge,* 6 December 1971 Criminal Session, LENOIR Superior Court.

The bill of indictment returned in this case charged defendant (1) with forging and counterfeiting a certain money order and (2) with uttering said forged and counterfeited money order. The jury returned a verdict of not guilty of forgery but found defendant guilty of the second count. From judgment imposing prison term of not less than five nor more than seven years, defendant appealed.

*Attorney General Robert Morgan by Mrs. Christine Y. Denson, Assistant Attorney General, for the State.*

*Thomas H. Morris for defendant appellant.*

BRITT, Judge.

Defendant first assigns as error the failure of the court to grant his motions for nonsuit interposed at the close of the State's evidence and renewed at the close of all the evidence.

Briefly summarized, the evidence for the State tended to show: On 10 May 1971 Johnson Drug Store in Jacksonville, North Carolina, had a quantity of blank money orders for sale. The money orders were provided by Financial Money Order Corporation, a wholly owned subsidiary of the Bank of North Carolina, N.A. of Jacksonville, N. C. When a sale was made the drug store by the use of a machine would indent the amount of the money order and the code symbol of the drug store. The customer would then write in his name as purchaser and the person to whom the money order was payable. On 10 May 1971 between 9:00 a.m. and 9:45 a.m. twenty-one money order blanks were taken from the Johnson Drug Store, one of the blanks bearing number 4508141. On 18 June 1971 defendant went to a grocery store owned and operated by one Hobbs in or near Kinston in Lenoir County. Defendant expressed his desire to purchase some groceries and asked Mr. Hobbs to cash a money order for him. Defendant presented Mr. Hobbs with said money order #4508141, the name of William O. Marley having been written in as payee, the name of Christine Marley having been written on the money order as purchaser and the date 6/10/71 having been written on the instrument. Also, the sum $100 was machine imprinted on the instrument. Mr. Hobbs asked defendant for identification and after being furnished with acceptable identification, Mr. Hobbs requested defendant to write his name, serial number and telephone number on the money order. Defendant proceeded to sign the name "William Marley" on the back of the money order and also wrote a serial number and a telephone number on the back. Defendant then purchased approximately $17 worth of groceries and was given cash for the balance of the $100 represented by the money order.

When the money order eventually returned to the bank for payment, payment was refused. Witnesses testified that defendant had no authority to write anything on the money order and the machine imprinted "$100" on the money order was not authorized. Expert testimony regarding defendant's handwriting was introduced and Witness Burney of the Pitt County

Sheriff's Department testified that he had known defendant from 28 June 1971 until the date of this trial, that defendant identified himself during that time as William Earl Sutton and never identified himself as William O. Marley.

Defendant offered no evidence.

Considering the evidence in the light most favorable to the State, as we are bound to do, we hold that it was sufficient to be considered by the jury on the charge of uttering a forged instrument and sufficient to support a verdict of guilty of that charge. G.S. 14-120; *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22 (1968). The assignment of error is overruled.

By his second assignment of error defendant contends that the trial court erred in its charge to the jury. Although defendant's assignment is broadside, we have carefully reviewed the charge and find it to be free from prejudicial error.

We conclude that defendant had a fair trial, free from prejudicial error, and the sentence imposed is within the limits allowed by statute.

No error.

Judges PARKER and HEDRICK concur.